_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**September 26, 2013**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. BK-10-20270-MKN |
| | ) |
| KEVIN G. SMITH, | ) Chapter 11 |
| | ) |
| | ) DATE: July 24, 2013 |
| Debtor in Possession. | ) TIME:  9:30 a.m. |
| | ) |

### ORDER CONFIRMING
### PLAN OF REORGANIZATION OF KEVIN G. SMITH

The THIRD AMENDED PLAN OF REORGANIZATION, filed by Kevin G. Smith (the "Debtor"), as Debtor and Debtor in Possession, on June 18, 2013, as Document Number 408, having been transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129 (a) have been satisfied;

IT IS ORDERED that:

The DISCLOSURE STATEMENT, filed by the Debtor, dated October 30, 2012, is **APPROVED;** and it is

Further ORDERED that:

The THIRD AMENDED PLAN OF REORGANIZATION, Document Number 408 ("PLAN"), attached hereto as **Exhibit "A,"** and filed by Kevin G. Smith on June 18, 2013, and each of its provisions, apart from those provisions which might be modified by the present Confirmation Order, shall be and hereby is APPROVED and CONFIRMED. The failure to specifically include any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provisions, it being understood that it is the intent of the Court that the Plan be confirmed and approved in its entirety; and it is

Further ORDERED that:

The Plan treatment for Class Two (B) shall be amended to provide that the lien held by PHH Mortgage Corporation on the Property (10319 Adams Chase Street) shall remain fully secured, including any post-petition interest and fees, up to and including the amount of $95,000, until the balance is paid in full; and it is

Further ORDERED that:

The Plan treatment for Class Twelve (536 Moses Lake Court) shall be amended to provide that the escrow advances made by secured creditor, currently in the amount of $4,288.08 and subject to recalculation, shall be reimbursed to the creditor by the effective date of the Plan; and it is

Further ORDERED that:

The Plan treatment for Class Thirteen (723 Sharon Hills Street) shall be amended to provide that the escrow advances made by secured creditor are currently in the amount of $5,150.57 and subject to recalculation, and shall be reimbursed to the creditor within 30 days of the effective date of the Plan; and it is

Further ORDERED that:

The Plan treatment for Class Fifteen (2204 Valley Heights Avenue) shall be amended to the extent necessary to be consistent with that Stipulated Order filed as Document No. 164, and said

Stipulated Order shall be incorporated into the Plan by this reference. Accordingly, the paragraph outlining plan treatment for Class Fifteen, page 16 of 29 of the Plan, shall be replaced by the language of the Stipulated Order; and it is

Further ORDERED that:

The Plan shall be binding upon the Debtor, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a claim against the Debtor, including all governmental entities, whether or not the claim or interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; and it is

Further ORDERED that:

The Debtor is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents, and take such action as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan. The Debtor is authorized and empowered to issue, execute, deliver, file or record any agreement, documents or security, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, whether or not specifically referred to in the Plan, without further order of this Court, and any or all such documents shall be accepted by all of the appropriate filing offices and recorded in accordance with applicable state law and shall become effective in accordance with the terms and the provisions of state law; and it is

Further ORDERED that:

This Confirmation Order shall constitute all approval and consent required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any

//      //      //      //

//      //      //      //

amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan.

DATED this  23rd day of August, 2013.

Respectfully submitted,

*/s/ David A. Riggi*
David A. Riggi, Esq.
Bar No. 4727
5550 Painted Mirage Road, Suite 120
Las Vegas, Nevada 89149
*Attorney for the Debtor in Possession*

*Approved/*Disapproved
*/s/ Charles Kennon*
Charles L. Kennon, III, Esq.
The Cooper Castle Law Firm, LLP
5275 S. Durango Drive
Las Vegas, NV 89113


*Disapproved*
Krista Nielson, Esq.
Rock K. Jung, Esq.
Andrew Wentworth, Esq. (former associate)
Gina Corena, Esq. (former associate)
Miles, Bauer, Bergstrom & Winters, LLP
2200 Paseo Verde Pkwy.
Suite 250
Henderson, NV 89052
Telephone:  (702) 369-5960
Facsimile:   (702) 369-4955

**ALTERNATIVE METHOD RE: RULE 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# Exhibit "A"

David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 120
Las Vegas, NV 89149
Ph.:    1-702-463-7777
Fax.:   1-888-306-7157
E-mail: Riggilaw@gmail.com
*Attorney for the Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | ) Case No.: 10-20270-MKN |
| | ) |
| KEVIN G. SMITH., | ) Chapter 11 |
| | ) |
| Debtor in Possession | ) |
| | ) |
| | ) |
| | ) |

## THIRD AMENDED PLAN OF REORGANIZATION FOR
## KEVIN G. SMITH

The Debtor, Kevin G. Smith (herein "Debtor in Possession" and/ or "Debtor"), proposes the following Plan of Reorganization (herein "Plan").

## BRIEF SUMMARY OF PLAN

The Plan, as proposed by the Debtor, is based on: (1) re-amortizing and rescheduling secured debt on first mortgages on investment properties; (2) converting a secured second mortgage into an unsecured debt; (3) surrendering a property; (4) satisfying a vehicle loan; (5) satisfaction in full of any administrative expenses or priority debts, claims or expenses; and (6) a partial payment to unsecured creditors.

# ARTICLE I
# DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meaning respectively:

**ADMINISTRATIVE CLAIM and ADMINISTRATIVE EXPENSE CLAIM:** A Claim Allowed under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case as authorized and approved by a Final Order, (b) any actual and necessary costs and expenses incurred in the ordinary course of the Debtors' business, (c) fees and expenses of Professionals to the extent Allowed by Final Order under §§330, 331, or 503 of the Bankruptcy Code, and (d) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §1930.

**ALLOWED CLAIM:** A claim (a) in respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation or (b) scheduled in the list of creditors and filed with the Bankruptcy Court in the case and not listed as disputed, contingent, or un-liquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation or an order to the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment, which order or judgment is not subject to any stay of the effect thereof. Certain claims not listed in the Debtor's bankruptcy schedules as disputed, contingent, or un-liquidated as to amounts may be objected to by Debtor because of a change in circumstances or because of additional information made available to debtor or his counsel. All claims will be determined by Bankruptcy Court order to be allowed or disallowed.

**BANKRUPTCY CODE:** Title 11, United States Code.

2

**BANKRUPTCY COURT:** The United States Bankruptcy Court for the District of Nevada, the Honorable Mike K. Nakagawa, Judge, acting in this case.

**CHAPTER 11:** Chapter 11, Title 11, United States Code.

**CLAIM:** Any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor in existence on or as of the date of the petition, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, secured or unsecured.

**CLASS:** Any class into which Allowed Claims are classified pursuant to Article II.

**CONFIRMATION DATE:** Confirmation date shall be the date upon which the order confirming the Debtor's Plan of   Reorganization is entered by the Bankruptcy Court for the District of Nevada.

**COURT:** Court shall mean the United States Bankruptcy Court for the District of Nevada, including the United States Bankruptcy Judge presiding in the Bankruptcy Case of the debtor.

**CREDITOR:** Holder of a Claim against the Debtor.

**DATE OF THE PETITION:**  June 2, 2010.

**DEBTOR:**  Kevin G. Smith

**EFFECTIVE DATE:** The first day of the first calendar month following the entry of order of the Bankruptcy Court of the District of Nevada confirming this Plan.

**INVESTMENT PROPERTY:** All real property owned by the Debtor, other than the primary residence.

**IRS:** Internal Revenue Service.

3

**PLAN RATE:** Shall mean an interest rate on an Allowed Claim that is simple interest on the principal sum due at the rate of four and a half percent (4.5%) per annum.

**PROPERTY:** The term will be used only within the context of a clear referential indication of a particular piece of real estate.

**PRO RATA:** With respect to any holder of an unsecured proof of claim, the manner of payment in which any particular creditor holding an unsecured claim shall be paid the same proportion that the amount of such claim bears to the aggregate amount of the claims in the particular Class.

**PRIORITY CLAIM:** Any and all Claims (or portions thereof), if any, entitled to priority under §507(a) of the Bankruptcy Code other than Priority Tax Claims and Administrative Expense Claims.

**REORGANIZATION CASE:** The case of reorganization of the Debtor commenced by voluntary petition under Chapter 11 on June 2, 2010, and now pending in the Bankruptcy Court as case no. 10-20270-MKN.

**RULES:** The Federal Rules of Bankruptcy Procedure, as amended, and the Local Rules of Bankruptcy Procedure as adopted by the Bankruptcy Court.

**SECURED CLAIMS:** An allowed claim of a creditor, secured by a lien on property of the Debtor, which claim existed on the date of the filing of the petition or which was authorized by the Bankruptcy Court thereafter to the extent that such claim is not greater than the value of the Debtor's property on which the Bankruptcy Court finds a valid security interest for such claim is held.

4

## ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS WITH RIGHTS TO VOTE, AND
## DESIGNATION AS TO IMPAIRMENT

ALL CLAIMS ARE SUBJECT TO BEING OBJECTED TO. THE DEBTOR RESERVES THE RIGHT TO REQUEST THAT ANY FUNDS PAID PURSUANT TO THIS PLAN BE HELD IN TRUST, PENDING RESOLUTION OF ANY CLAIMS, OR OTHER LITIGATION.

For the purposes of this Plan of Reorganization the creditors of the Debtor shall be classified into the following categories, all of which are impaired:

**CLASS ONE – U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1, ITS SUCCESSORS AND/OR ASSIGNS FIRST MORTGAGE CLAIM (POC #13-2) AGAINST 1115 CASA PALERMO CIRCLE –** This first mortgage shall be re-amortized and rescheduled based on the granted property value (Doc #300), and therefore the amount due under the re-amortized schedule, of $245,500.00. The interest rate shall be 4.5 percent over a 25 year fixed schedule. Monthly payments of **$1,364.57** shall begin on the effective date of the Plan and shall continue for a total term of 300 months. Debtor shall timely pay property taxes and shall maintain insurance.

**CLASS TWO (A) — PHH MORTGAGE CORPORATION FIRST MORTGAGE CLAIM (POC #9) AGAINST 1283 SONATINA DRIVE –** This first mortgage shall be re-amortized and rescheduled based on the amount due under the re-amortized schedule, $145,000.00, which will remain secured in full. The interest rate shall be 5.25 percent over a 20 year fixed schedule. Monthly payments of **$977.07** shall begin on the effective date of

the Plan and shall continue for a total term of 240 months. Debtor shall timely pay property taxes and shall maintain insurance.

**CLASS TWO (B) — PHH MORTGAGE CORPORATION FIRST MORTGAGE CLAIM (POC #5) AGAINST 10319 ADAMS CHASE STREET –** This first mortgage shall be re-amortized and rescheduled based on the amount due under the re-amortized schedule, $90,000.00, which will remain secured in full. The interest rate shall be 5.25 percent over a 20 year fixed schedule. Monthly payments of **$606.46** shall begin on the effective date of the Plan and shall continue for a total term of 240 months. Debtor shall timely pay property taxes and shall maintain insurance.

**CLASS THREE — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #30) AGAINST 1032 LOGAN PATRICK DRIVE –** Pursuant to Stipulation (Dkt #152), this first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $209,000. The interest rate shall be 5.25 percent over a 30 year fixed schedule. Monthly payments of **$1,154.11** have begun February 1, 2011 and shall continue until January 31, 2041. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $7,190.45 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with

6

the monthly escrow payment amount subject to change over the life of the loan.

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS FOUR — DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF GSAA HOME EQUITY TRUST 2006-16 FIRST MORTGAGE CLAIM (POC #16) AGAINST 1729 CHEVRUS COURT** – Pursuant to Stipulation (Dkt #168), this first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $167,000. The interest rate shall be 5.25 percent over remaining term length of the original note. Monthly payments of **$922.76** have begun March 1, 2011 and shall continue until August 1, 2036. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $4,550.15 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall

7

be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS FIVE — THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HY11 FIRST MORTGAGE CLAIM (POC #29) AGAINST 2477 BRANDYWINE SHOALS PLACE –** Secured Creditor has elected to have its claim, secured by 2477 Brandywine Shoals Place, treated under Bankruptcy Code section 1111(b) and, therefore, its fully secured claim of $298,011.60, shall be satisfied through monthly payments of **$827.81** for a term of 360 months. Any Escrow advances made by the creditor shall be reimbursed to creditor within 30 days of the creditor informing Debtor of the amount. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

8

CLASS SIX — DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF GSAA HOME EQUITY TRUST 2006-16 FIRST MORTGAGE CLAIM (POC #28) AGAINST 1907 TANNER VALLEY CIRCLE – Pursuant to Stipulation (Dkt #167), this first mortgage shall be re-amortized and rescheduled based on a property value approved by the court, and therefore the amount due under the re-amortized schedule, of $150,000. The interest rate shall be 5.25 percent over remaining term length of the original note. Monthly payments of **$894.57** have begun March 1, 2011 and shall continue until June 1, 2036. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $4,629.35 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS SEVEN — DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOLDERS OF THE GSAA HOME EQUITY TRUST 2006-17 ASSET-BACKED CERTIFICATES SERIES 2006-17 FIRST MORTGAGE CLAIM (POC #21) AGAINST 1281 SONATINA DRIVE –** Secured Creditor has elected to have its claim, secured by 1281 Sonatina Drive, treated under Bankruptcy Code section 1111(b) and, therefore, its fully secured claim of $321,011.58, shall be satisfied through monthly payments of **891.70** for a term of 360 months. Escrow advances made by the creditor, currently at $8,080.18 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS EIGHT — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #25) AGAINST 487 DONAVISTA COURT –** Pursuant to Stipulation (Dkt #165), this first mortgage shall be re-amortized and rescheduled based on a property value of $189,000, which has been approved by the court. The interest rate shall be 5.25 percent over remaining term length of the original note.  Monthly payments have begun March 1, 2011, and shall continue at their present amount until, on the effective date of the plan, payments shall be in the amount of **$1,157.49** and shall continue until February 1, 2035. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $4,753.00

and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS NINE — THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HY11 FIRST MORTGAGE CLAIM (POC #27) AGAINST 8871 W. TORINO AVENUE –** Pursuant to Stipulation (Dkt #166), this first mortgage shall be re-amortized and rescheduled based on a property value of $140,000, which has been approved by the court. The interest rate shall be 5.25 percent over a term 301 months. Monthly payments have begun March 1, 2011, and shall continue at their present amount until the effective date of the Plan, whereupon payments shall be in the amount of **$837.65** and shall continue until April 1, 2036. The Lien on the subject Property will be

11

retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $4,735.81 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS TEN — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #22) AGAINST 2975 TARA MURPHY DRIVE –** This first mortgage shall be re-amortized and rescheduled based on a property value of $169,500. The interest rate shall be 5.25 percent over a 30 year fixed schedule.  Monthly payments of **$935.99** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. The Lien on the subject Property will be

12

retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $4,690.36 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS ELEVEN — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #14) AGAINST 116 ALMENDIO LANE–** Pursuant to Stipulation (Dkt #151), this first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $107,000. The interest rate shall be 5.25 percent over a 30 year fixed schedule.  Monthly payments of **$590.86** have begun February 1, 2011 and shall continue until January 1, 2041. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Any escrow advances made by the creditor shall be reimbursed to the creditor within 30 days of the creditor informing Debtor of the amount. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

13

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS TWELVE — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #24) AGAINST 536 MOSES LAKE COURT–** This first mortgage shall be re-amortized and rescheduled based on a property value (Order, Dkt #239), and therefore the amount due under the re-amortized schedule, of $137,000. The interest rate shall be 5.25 percent over a 15 year fixed schedule.  Monthly payments of **$1101.31** shall begin on the effective date of the Plan and shall continue for a total term of 180 months. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Any escrow advances made by the creditor, currently at $7,737.88 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

14

**CLASS THIRTEEN — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #23) AGAINST 723 SHARON HILLS STREET**– This first mortgage shall be re-amortized and rescheduled based on the amount due of about $142,000. The interest rate shall be 5.25 percent over a 30 year fixed schedule.  Monthly payments of **$784.13** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtor shall directly pay property tax obligations and property insurance premiums. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $2,982.94 and subject to recalculation, shall be reimbursed to creditor within 30 days of the effective date of the Plan. Debtor shall timely pay property taxes and shall maintain insurance.

**CLASS FOURTEEN— BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #26) AGAINST 226 KINDRED POINT CIRCLE**– This first mortgage shall be re-amortized and rescheduled based on the amount due of $145,000. The interest rate shall be 5.25 percent over a 30 year fixed schedule.  Monthly payments of **$800.70** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtor shall directly pay property tax obligations and property insurance premiums. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon

15

balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $4,755.53 and subject to recalculation, shall be reimbursed to creditor within 30 days of the effective date of the Plan.  Debtor shall timely pay property taxes and shall maintain insurance.

**CLASS FIFTEEN— BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #19) AGAINST 2204 VALLEY HEIGHTS AVENUE–** This first mortgage shall be re-amortized and rescheduled based on the amount due of $160,000.00. The interest rate shall be 5.25 percent over a 30 year fixed schedule.  To the extent of any inconsistency between the terms set forth in this Plan and the terms of the stipulated order (Dkt #164), the terms of the stipulated order shall supersede. Monthly payments of **$883.53** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtor shall directly pay property tax obligations and property insurance premiums. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full.  Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Any escrow advances made by the creditor shall be reimbursed to creditor within 30 days of the creditor informing Debtor of the amount. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS SIXTEEN— BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #15) AGAINST 1455 BOURNE VALLEY COURT–** This first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $117,000. Monthly payments of **$646.08,** based on an interest rate of 5.25 percent and a 30 year fixed term, shall commence on the effective date of the Plan and continue for a term of 360 months. The Lien on the subject Property will be retained to full amount of the agreed cram-down claim under Code section 506(a) until paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $5,237.89 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS SEVENTEEN— CHASE HOME FINANCE, LLC FIRST MORTGAGE CLAIM (POC #10) AGAINST 9054 LIVING ROSE STREET–** Pursuant to Stipulation (Dkt #161), monthly payments of $534.70 have begun through adequate protection payments on February 1, 2011, and shall continue until the effective date of the Plan.

This first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $61,000. Monthly payments of **$490.37,** based on an interest rate of 5.25 percent and a 15 year fixed term, shall commence on the effective date of the Plan and continue for a term of 180 months. Any escrow advances

17

made by the creditor shall be reimbursed to creditor within 30 days of the creditor informing Debtor of the amount. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS EIGHTEEN— CHASE HOME FINANCE, LLC FIRST MORTGAGE CLAIM (POC #12) AGAINST 10015 SWIMMING HOLE STREET –** This first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $73,000. Monthly payments of **$403.11,** based on an interest rate of 5.25 percent and a 30 year fixed term, shall commence on the effective date of the Plan and continue for a term of 360 months. Escrow advances made by the creditor, currently at $3,870.79 and subject to recalculation, shall be reimbursed to creditor within 30 days of the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS NINETEEN— CHASE HOME FINANCE, LLC FIRST MORTGAGE CLAIM (POC #8) AGAINST 3124 QUAIL CREST AVENUE –** This first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $75,000. Monthly payments of **$414.15,** based on an interest rate of 5.25 percent and a 30 year fixed term, shall commence on the effective date of the Plan and continue for a term of 360 months. Escrow advances made by the creditor, currently at $4,479.96 and subject to recalculation, shall be reimbursed to creditor within 30 days of the effective date of the Plan. In addition, an escrow account shall be maintained for the

18

insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS TWENTY— CHASE HOME FINANCE, LLC FIRST MORTGAGE CLAIM (POC #11) AGAINST 1649 AMADOR LANE–** This first mortgage shall be re-amortized and rescheduled based on the granted property value (Dkt #301), and therefore the amount due under the re-amortized schedule, of $180,000. The interest rate shall be 5.25 percent over a 30 year fixed schedule. Monthly payments of $1,000.00 have begun through stipulated adequate protection payments (Dkt #160) beginning on December 15, 2010, credited towards the granted value.  On the effective date of the Plan, monthly payments of **$822.78** shall commence, based on the remaining secured value of $149,000 amortized over 30 years at 5.25 percent interest, and shall continue for a total term of 360 months. Any escrow advances made by the creditor shall be reimbursed to creditor within 30 days of the creditor informing Debtor of the amount. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS TWENTY-ONE — JP MORGAN CHASE BANK, N.A. FIRST MORTGAGE CLAIM (POC #4) AGAINST 934 CANTABRIA HEIGHTS AVENUE–** Pursuant to Stipulation (Dkt #135), monthly payments of $702.53 have begun through adequate protection payments on January 1, 2011.  Based upon a claim amount of $97,000.00 and per diem interest owed to Secured Creditor of approximately $7,187.46, the remaining amount due of $104,187.46 shall be satisfied through monthly payments of **$837.54,** at 5.25 percent interest, and shall continue over a 15 year fixed schedule, subject to adjustment for the

adequate protection payments that have already been made, or for adjustment of the per diem interest amount. Any escrow advances made by the creditor shall be reimbursed to creditor within 30 days of the creditor informing Debtor of the amount. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

**CLASS TWENTY-TWO — BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP FIRST MORTGAGE CLAIM (POC #18) AGAINST 10349 ADAMS CHASE STREET**– Pursuant to Stipulation (Dkt #162), this first mortgage shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $125,000. The interest rate shall be 5.25 percent over the remaining term of the original note.  Monthly payments of have begun March 1, 2011, and shall continue at the amount  being paid until the effective date of the plan, at which time monthly payments shall be **$760.32**, and shall continue until June 1, 2035. The Lien on the subject Property will be retained to full amount of secured claim until secured claim is paid in full. Further, an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject Property is sold prior to five (5) years from the date of Confirmation. Escrow advances made by the creditor, currently at $7,737.88 and subject to recalculation, shall be reimbursed to creditor by the effective date of the Plan. In addition, an escrow account shall be maintained for the insurance and property taxes on the Property, with the monthly escrow payment amount subject to change over the life of the loan.

Should the Debtor fail to maintain the regular monthly payments on Secured Creditor's Trust

Deed obligation, allowing the normal grace period, or fail to maintain the property taxes or insurance, Secured Creditor shall send 10-days' written notice of default to Debtor and Debtor's counsel and file with the Court. Should the Debtor fail to cure their delinquency pursuant to said written notice, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, its assignees and/or successors in interest.

**CLASS TWENTY-THREE — RBS CITIZENS, N.A. SECOND MORTGAGE CLAIM (POC #6) AGAINST 10349 ADAM CHASE STREET–** This second mortgage shall be "stripped-off" of the property, converting this creditor's claim into an unsecured claim.

**CLASS TWENTY-FOUR — PALMER FAMILY TRUST DATED 09/07/90 FIRST MORTGAGE CLAIM (POC #7) AGAINST 5339 EDNA CRANE AVENUE–** This claim shall be satisfied through the surrender of the property. Any unsecured deficiency shall be added to Class Twenty-Seven (27) General Unsecured Creditors.

**CLASS TWENTY-FIVE — TD AUTO FINANCE CLAIM (POC #2) – CLASS TWENTY-FIVE — TD AUTO FINANCE CLAIM –** This claim, secured by a 2006 Chrysler 300 TO and in the approximate amount of $4,731.08, shall be satisfied through monthly payments of $129.84 beginning on the effective date of the Plan and continuing until the total debt is satisfied based on an amortization at 5.99%. Debtor shall maintain full insurance coverage.

**CLASS TWENTY-SIX— CLARK COUNTY TREASURER CLAIM (POC #5) —** This secured claim, based on proof of claim no. 5, in the total amount of $2,958.46 shall be

satisfied through monthly payments of **$49.31** beginning on the effective date of the Plan and shall continue for a total term of 60 months.

**CLASS TWENTY-SEVEN - UNSECURED CREDITORS -** All unsecured creditors having filed proofs of claims, or deemed to have filed proof of claims, that are not disputed, contingent or un-liquidated, shall be paid, pro rata, **$250.00** a month commencing of the effective date of the plan, subject to rights under section 1129(a)(15) and as adjusted by any distributions to administrative expenses, and continuing for 60 months or complete satisfaction of all valid claims, whichever is earlier, with such distributions.

## ARTICLE III
## TREATMENT OF UNCLASSIFIED CLAIMS WITHOUT RIGHTS TO VOTE

UNCLASSIFIED CLAIMANTS – ADMINISTRATIVE EXPENSE CLAIMS.   These claimants shall be comprised of the quarterly fees due to the United States Trustee and any fees and costs for Professionals. The claims of the United States Trustee shall be paid in full on or before the Effective Date of the Plan.   The claims of Professionals shall also be included as administrative expenses and, as with other claims in this category may be satisfied from distributions to unsecured creditors.

## ARTICLE IV
## IMPLEMENTATION OF PLAN DISBURSEMENTS

Before the effective date of the Plan, the Debtor shall retain a disbursement agent (the "Disbursement Agent"). Except as otherwise provided in the Plan, upon confirmation, the Debtor shall begin making monthly payments of $250 to the Disbursement

Agent under the Plan. The Disbursement Agent shall begin, as soon as practical, making pro rata payments to the Debtor's unsecured creditors holding allowed claims on a quarterly basis, until such claims are paid as set forth in the Plan, and as possibly adjusted by administrative expenses.

## ARTICLE V

## DISCHARGE OF DEBTOR AND EFFECT OF CONFIRMATION

Unless after notice and a hearing, and the Court orders otherwise for cause, confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan.

## ARTICLE V
## EVENTS OF DEFAULT AND ACCELERATION

**EVENTS OF DEFAULT:** The occurrence of any of the following shall constitute an event of default under the Plan.

**(a) FAILURE TO MAKE PAYMENTS:** Failure on the part of the reorganized debtors to pay fully within thirty (30) days when due and payment required to be made in respect of the Plan on or after the Consummation Date;

**(b) FAILURE TO PERFORM NEGATIVE COVENANTS:** Failure on the part of the debtor to perform or observe any negative term or provision as set forth in Article IV of the Plan, which failure remains uncured for a period of thirty (30) days after notice of such default;

**(c) FAILURE TO PERFORM OTHER TERMS AND PROVISIONS:** Failure on the part of the debtor to perform or observe any other term or provision of the Plan other than those

23

set forth in Paragraphs (a) and (b) above of this section, which failure remains uncured for a period of sixty (60) days after notice of such default;

      **(d) VOLUNTARY BANKRUPTCY CASES, ETC.:** Debtors shall generally not pay their debts as they become due or shall admit in writing their inability to pay their debts, or shall make a general assignment for the benefit of creditors; or debtor shall commence any case proceeding or other actions seeking to have an order for relief entered on their behalf as debtors or to adjudicate itself as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, liquidation, dissolution or composition of any of their debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of debtor or seeking appointment of a receiver, trustee, custodian or other similar official for it's or for any substantial part of it's property;

      (e) **INVOLUNTARY BANKRUPTCY CASES:** Any case, proceeding or other action against debtor shall commence seeking to have an order for relief entered against it as debtors or to adjudicate it as bankrupt or insolvent, or composition of their debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of debtor, or seeking appointment of receiver, trustee, custodian or other official for it or for all or any substantial part of their property, and in such case, proceeding or other action (i) results in such an adjudication, the entry of such an order for relief or such appointment, which is not fully stated, (ii) shall not be contested by debtor through appropriate proceedings procedures within twenty (20) days of commencement thereof or shall be acquiesced in by debtor, or (iii) shall remain undismissed for a period of One Hundred Eighty (180) days.

## **ARTICLE VII**

## **RETENTION OF JURISDICTION**

      The Bankruptcy Court shall retain jurisdiction of this case until the last day of the first

full fiscal quarter following the quarter in which the effective date falls at which time an order of the Bankruptcy Court shall be entered concluding and terminating this case effective on said day unless the debtor or any interested party shall be prior to that date move the court to retain jurisdiction for a longer period of time.

During such time as the Bankruptcy Court retains jurisdiction, said jurisdiction will be deemed to include jurisdiction to hear and determine all claims against the debtor or the bankruptcy estate and to enforce all causes of action that may be owned by the debtor or the bankruptcy estate and to contest any claims and to hear the objection to any claims posed by the debtor or other interested party.

## ARTICLE VIII
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

Objections to Claims must be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made on or before thirty (30) days after the Effective Date.

Notwithstanding any other provision of this Plan, Distributions shall not be made with respect to Disputed Claims unless such Disputed Claim has been resolved and such Disputed Claim has become an Allowed Claim no later than 6 months after the Effective Date of the Plan.

Unless otherwise provided in a Final Order of the Bankruptcy Court, any Claim on account of which a proof of claim is required by Bankruptcy Rule 3003(c)(2) and which is filed after the Bar Date shall be deemed disallowed. The holder of a Claim which is disallowed

25

shallnot receive any Distribution on account of such Claim.

# ARTICLE IX
## PROVISIONS FOR ASSUMPTION OF EXECUTORY CONTRACTS

All contracts which exist between debtor and any individual entity whether such contracts be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of this Court are hereby specifically assumed.

# ARTICLE X
## MISCELLANEOUS

**1.  HEADINGS:** The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

**2.   NOTICES:** All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be transmitted by facsimile transmission to 1-888-306-7517, by e-mail to RiggiLaw@gmail.com, and  mailed by registered or certified mail, return receipt requested:

A.  If to the Debtor, before the case is closed, to: David A. Riggi, Esq., 5550 Painted Mirage Road, Suite 120, Las Vegas, NV 89149;

B.  If to the Debtor, after the case is closed, to: Kevin G. Smith, 235 Pintale Circle, Henderson, NV 89074-4222;

C.  If to a holder of an allowed claim or allowed interest, at the address set forth in its allowed Proof of Claim or proof of interest or, if none, at its address set forth in the schedule prepared

and filed with the Court; and,

D. Notice to the debtor shall be deemed given when received. Notice to any holder shall be deemed given when delivered or mailed. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the person or entity to be charged with the knowledge of such change.

3. **RESERVATION OF RIGHTS:** Neither the filing of this Plan nor the Disclosure Statement, nor any statement or provision contained herein or therein, nor the taking by any creditor of an action with respect to this Plan: (a) Shall be or be deemed an admission against interest; nor, (b) Prior to the Confirmation Date, be or be deemed to be a waiver of any rights which any creditor might have against the debtors or any of their properties specifically reserved. In the event substantial consummation of the Plan does not occur, neither this Plan nor any statement contained herein or in the Disclosure Statement, may be used or relief upon in any manner in any suit, action, proceeding or controversy within or outside of the Reorganization Case involving debtor.

4. **PAYMENT OF STATUTORY FEES:** All fees payable pursuant to § 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date.

5. **GOVERNING LAW:** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada.

6. **SUCCESSORS AND ASSIGNS:** The rights and obligations of any person

27

named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person.

      **7. SEVERABILITY:** Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law, the Proponents may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

      **8. PRESERVATION OF RIGHTS.** Notwithstanding any provision of this Plan, the Debtor specifically preserves his respective rights to object, complain against, or otherwise affect the claims that are part of this Plan. Debtor must commence the exercise of his rights no later than 60 days after the Effective Date of the Plan.

/ / / /

/ / / /

/ / / /

/ / / /

**9. ADJUSTMENT OF PAYMENTS MADE TO SECURED CREDITORS.** Payments to secured creditors, whose note payment rights been modified through this Plan, may be adjusted to conform to the specific total payout allowed by this Plan, either by providing a lump sum balloon payment at the plan maturity date for a particular secured debt or, alternatively, decreasing the number of payments needed to be made.

Dated this 18th day of June, 2013.

Respectfully submitted,


*/s/ Kevin G. Smith*
Debtor in Possession

*/s/ David A. Riggi*
Attorney for the Debtor in Possession